# Exhibit 2

# WILMERHALE

March 1, 2019

**Lori A. Martin**

+1 212 295 6412 (t)
+1 212 230 8888 (f)
lori.martin@wilmerhale.com

**BY E-MAIL AND FEDERAL EXPRESS**

Alexander L. Braitberg
Schlichter Bogard & Denton, LLP
100 S. 4th Street, Ste. 1200
St. Louis, MO 63102

Re:   *Vellali v. Yale University*, No. 3:16-cv-01345 (D. Conn.)

Dear Alex:

I write to offer a witness to address certain of the issues identified in Plaintiffs' Subpoena to Testify at a Deposition in a Civil Action, dated February 7, 2019 (the "Subpoena"). TIAA will produce Stephen Campbell, Senior Relationship Manager, Institutional Retirement, to testify on the following topics:

1. *Topic No. 4*: Trust agreements and recordkeeping agreements between Yale and TIAA related to the Plan.[1]

2. *Topic No. 5*: Annuity contracts between TIAA and the Plan and/or Participants.

3. *Topic No. 6*: Reports TIAA regularly provides (or provided) to Yale, Aon, or the Plan's participants about the Plan.

4. *Topic No. 7*: Any and all compensation TIAA received, directly or indirectly, as a result of the Plan and/or the Other Yale Plans.[2]

5. *Topic No. 8*: Potential or actual Compensation, including revenue sharing, which is available to TIAA, Yale, the Plan, and the Other Yale Plans.

6. *Topic No. 9*: Any credits made to the Plan and/or the Other Yale Plans in connection with recordkeeping and administrative services provided to the Plans. "Credits" include expense credits, expense reimbursement credits, and revenue credits.

---

[1]   The "Plan" refers to the Yale University Retirement Account Plan ("YURAP"). *See* Non-Party TIAA's Objections and Responses to Plaintiffs' Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action, dated January 16, 2019 ("TIAA Objections and Responses"), at 9.

[2]   YURAP is the only Plan referenced in the operative Complaint. *See supra* note 1.

WILMERHALE

Alexander L. Braitberg
March 1, 2019
Page 2

7. *Topic No. 10*: Disbursements and expenditures from any Plan revenue credit account, including authorizations thereof.

8. *Topic No. 11*: Reports TIAA regularly provides (or provided) to Yale, Aon, or the Plan's participants about the Plan.

9. *Topic No. 12*: Fee disclosures related to the Plan.

10. *Topic No. 13*: Any RFP TIAA received and/or participated in relating to the Plan, including any documents created in response to an RFP.

11. *Topic No. 14*: The consolidation of recordkeeping services for the Plan and/or Other Yale Plans.

12. *Topic No. 15*: Any efforts by TIAA to potentially or actually provide recordkeeping services for investment options in the Yale Plans offered by other firms, including but not limited to Vanguard.

13. *Topic No. 17*: Altering or streamlining investment option lineups in the Plan and/or Other Yale Plans.

14. *Topic No. 18*: The availability of lower cost share classes of the Plan's and/or Other Yale Plans' investment options.

15. *Topic No. 20*: Complaints TIAA received relating to the Plan.

16. *Topic No. 21*: Services provided by TIAA to Yale and the Plan's participants related to the Plan, including as part of a bundled offer.

17. *Topic No. 22*: Any fee waivers, free services, discounted services, services provided at a reduced fee by TIAA to: (i) Yale; (ii) the Plan; and/or (iii) the Plan's participants.

18. *Topic No. 23*: Investment advisory services offered by TIAA or its affiliates to participants in the Plan.[3]

---

[3] TIAA understands this topic to refer solely to in-plan advisory services offered to participants as part of the bundled package of services provided to the Plan by TIAA. *See* TIAA's Objections and Responses at 27.

WILMERHALE

Alexander L. Braitberg
March 1, 2019
Page 3

19. *Topic No. 26*: The number of the Plan's participants with private asset management accounts, individual wealth management accounts, and/or individual retirement accounts with TIAA.

20. *Topic No. 27*: The number of the Plan's participants who have purchased and/or used any Non-Plan Product.

21. *Topic No. 28*: The dollar amount of the Plan's participants' assets held in private asset management accounts, individual wealth management accounts, and/or individual retirement accounts with TIAA.

22. *Topic No. 32*: The quarterly asset balance for each TIAA investment offered in the Plan.

23. *Topic No. 33*: Any differences in how TIAA prices or provides recordkeeping and administrative fees for 403(b) plans versus 401(k) plans or defined contribution plans established under other tax codes.

**Subpoena Topics Relating to Documents**

Regarding Subpoena Topic Nos. 1, 2, 3 and 34 relate to the authentication of documents created or produced by TIAA. No witness will address these topics. TIAA agrees to review a draft stipulation regarding the authenticity of documents produced by TIAA. We cannot agree to a categorical designation of all produced documents as business records, as many of the documents we have produced are not business records. TIAA further agrees not to object on procedural grounds if Plaintiffs show a TIAA witness documents and communications produced in this case (*i.e.*, because such documents were not listed in the Topics of Testimony). TIAA, however, reserves its right to object on all other grounds, such as to the form of the question.

**Subpoena Topics Unrelated to TIAA's Relationship with Yale**

TIAA has previously provided testimony on the following topics:

1. *Topic No. 16*: The ability of vendors other than TIAA to provide recordkeeping and/or administrative services for TIAA investment options.

2. *Topic No. 19*: The ability of the Plan's fiduciaries to remove TIAA investment options, including CREF Stock Account, the TIAA Real Estate Account, and TIAA Traditional Annuity, from the Plan lineup, or to restrict new investments into TIAA investment options.

WILMERHALE

Alexander L. Braitberg
March 1, 2019
Page 4

3. *Topic No. 24*: TIAA marketing and/or selling Non-Plan Products, including but not limited to private asset management, individual wealth management, and individual retirement products, to the Plan's participants.

4. *Topic No. 25*: The dollar value of TIAA's access to the personal and demographic information of the Plan's participants.

5. *Topic No. 29*: The dollar amount spent by TIAA to advertise Non-Plan Products, including but not limited to private asset management, individual wealth management, and individual retirement products, to the Plan's participants.

6. *Topic No. 30*: Commissions, income, bonuses, or profit sharing that TIAA personnel received for marketing, selling, or providing Non-Plan Products, including but not limited to private asset management, individual wealth management, and individual retirement products, to the Plan's participants.

7. *Topic No. 31*: Revenues and/or profits TIAA derived from selling and/or providing Non-Plan Products to the Plan's participants.

The most recent depositions on these topics were in *Cates v. The Trustees of Columbia University in the City of New York*, No. 1:16-cv-06524 (S.D.N.Y.). We propose to cross-designate the transcripts from that action in the above-captioned matter. Counsel for Columbia University has advised us that they do not object to the use of the TIAA transcripts on these topics in the Yale litigation. In particular, TIAA proposes to designate the following deposition transcripts on these items:

1. Deposition of Adam Polacek in *Cates v. The Trustees of Columbia University in the City of New York*, No. 1:16-cv-06524 (S.D.N.Y.), dated August 22, 2018;

2. Declaration of Adam Polacek in *Cates v. The Trustees of Columbia University in the City of New York*, No. 1:16-cv-06524 (S.D.N.Y.), dated October 22, 2018; and

3. Deposition of Thomas White in *Cates v. The Trustees of Columbia University in the City of New York*, No. 1:16-cv-06524 (S.D.N.Y.), dated September 28, 2018.

Although there are no allegations in the complaint regarding "Non-Plan Products" or TIAA's efforts to market or sell those products, Mr. White's deposition addressed those issues.

Mr. Campbell will be prepared to address questions specific to TIAA's relationship with Yale that may also relate to TIAA's products and/or any marketing of non-Plan products and services to Yale participants. Mr. Campbell also will be prepared to address TIAA's interactions with Yale or its consultants regarding (i) the ability of vendors other than TIAA to provide

WilmerHale

Alexander L. Braitberg
March 1, 2019
Page 5

recordkeeping and/or administrative services for TIAA investment options (Topic No. 16), and (ii) the ability of the Plan's fiduciaries to remove TIAA investment options (Topic No. 19).

TIAA agrees to make Mr. Campbell available on April 4 or April 8. *See* Fed. R. Civ. P. 30(d) (limiting a deposition to one day of seven hours). In the event that you require a location for testimony, our New York offices are available to host the deposition if you would like to conduct the deposition at a law firm.

Very truly yours,

*Lori A. Martin*

Lori A. Martin

cc: Heather Lea (by e-mail only)
Jerome J. Schlichter (by e-mail only)
Kurt C. Struckhoff (by e-mail only)
Michael A. Wolff (by e-mail only)
Sean E. Soyars (by e-mail only)
Stuart M. Katz (by e-mail only)
Troy A. Doles (by e-mail only)
Joel D. Rohlf (by e-mail only)
Scott Bumb (by e-mail only)
Brian D. Netter (by e-mail only)
Matthew A. Waring (by e-mail only)
Michelle N. Webster (by e-mail only)
Nancy G. Ross (by e-mail only)
James C. Williams (by e-mail only)
Jed W. Glickstein (by e-mail only)
Richard Nowak (by e-mail only)