# Exhibit 5

# SCHLICHTER BOGARD & DENTON, LLP

ATTORNEYS AT LAW

JOEL D. ROHLF  
jrohlf@uselaws.com

100 SOUTH FOURTH STREET, SUITE 1200  
ST. LOUIS, MISSOURI 63102  
(314) 621-6115  
FAX (314) 621-5934  
www.uselaws.com

March 13, 2019

**By Email**

Lori Martin  
WilmerHale  
7 World Trade Center  
250 Greenwich Street  
New York, NY 10007  
lori.martin@wilmerhale.com

Re: *Vellali v. Yale Unviversity*, No. 3:16-cv-01345 (D.C.

Dear Lori:

I write in response to your March 11, 2019 letter to Alexander Braitberg. Plaintiffs agree to take Mr. Campbell's deposition on April 4 in your offices in New York.

Plaintiffs will not agree to cross-designate depositions from *Cates v. Columbia University*, No. 16-6524 (S.D.N.Y.) for this matter. Even if counsel for Columbia has agreed to waive confidentiality, the depositions from *Cates* would be inadmissible hearsay in this case and Mr. White and Mr. Polaeck may not be subject to a trial subpoena for this matter. Plaintiffs need to take depositions in this case to obtain admissible testimony to use at summary judgment and trial in this matter. None of the parties in this case and *Cates* are the same or in privity in any way and you have presented no authority that presenting a witness in multiple cases involving entirely different parties creates an undue burden. Additionally, there are many factual differences between this case and *Cates* that make different lines of questioning important in this case. For example, Yale consolidated to a single recordkeeper in 2015.

TIAA's relevance objections to topics regarding non-plan products are unfounded. While the Amended Complaint (Doc. 57) does not contain any specific allegations relating to TIAA's promotion of non-plan products, the scope of relevant evidence for discovery or trial is not limited to what is specifically pleaded in a complaint. *See, e.g., Baxter Diagnostics, Inc. v. Novatek Med., Inc.*, No. 94-5220, 1998 U.S. Dist. LEXIS 15093, at *13–17 (S.D.N.Y. Sep. 25, 1998) (Peck, J.) (denying motion to exclude evidence of unalleged breaches of contract); *cf. Geisler v. Petrocelli*, 616 F.2d 636, 640 (2d Cir. 1980) ("[T]he pleading of additional evidence is not only unnecessary, but in contravention of proper pleading procedure."); *Araujo v. Schron*, No. 07-6210, 2007 U.S. Dist. LEXIS 67628, at *4 (S.D.N.Y. Aug. 29, 2007) (Ellis, J) ("A complaint should not be a preview of counsel's argument to the jury at the end of the case. The complaint should not plead evidence. Such information is available through discovery.") (quoting *Politico v. Promus Hotels, Inc.*, 184 F.R.D. 232, 233–34 (E.D.N.Y. 1999)). "Evidence is 'relevant' if it has 'any tendency' to prove or disprove a fact of consequence in the trial." *United States v. Wong*, 40 F.3d 1347, 1378 (2d Cir. 1994). In a similar case in this circuit, a court

# SCHLICHTER BOGARD & DENTON, LLP
ATTORNEYS AT LAW

L. Martin
March 13, 2019
Page 2

recently held that evidence of TIAA's promotion of non-plan products to plan participants was relevant and admissible at trial to support claims that recordkeeping and administrative fees were unreasonable and to rebut a factual defense that TIAA's education or advisory services justified the recordkeeping and administrative fees it charged. Order Granting in Part and Denying in Part Motions in Limine, Dkt. 271, S*acerdote v. New York University*, 16-6284-KF, *2 (Apr. 5, 2018 S.D.N.Y.) ("Evidence on cross-marketing . . . may be relevant in the context of plan cost and value, however."). Evidence of TIAA's promotion of non-plan products and any revenue derived from the sale of non-plan products to plan participants is relevant in the context of plan cost.

Plaintiffs do not agree to your modification of the wording of any of our deposition topics. We will ask questions in accordance with the topics as issued in the subpoena and will seek appropriate judicial relief if the witness is not adequately prepared. Please advise whether Mr. Campbell will be prepared to testify on all the topics in our subpoena or whether TIAA will designate other witnesses as soon as possible.

Sincerely,

Joel D. Rohlf