# Exhibit 6

**WILMERHALE**

March 15, 2019

**BY E-MAIL**

**Lori A. Martin**

+1 212 295 6412 (t)
+1 212 230 8888 (f)
lori.martin@wilmerhale.com

Joel D. Rohlf
Schlichter Bogard & Denton, LLP
100 S. 4th Street, Ste. 1200
St. Louis, MO 63102

Re:   *Vellali v. Yale University*, No. 3:16-cv-01345 (D. Conn.)

Dear Joel:

I write to respond to your March 13, 2019 letter regarding the cross-designation of testimony that your firm has developed in other actions. In particular, we have proposed that Mr. White's deposition on TIAA's marketing practices and Mr. Polacek's deposition on TIAA's investment products be offered in this case as if they answered the same questions with the same answers that they gave in the prior actions. We need to resolve this issue by next week.

You state that Plaintiffs cannot agree to cross-designate testimony in the *Columbia* matter because "there are many factual differences between this case and [*Columbia*] that make different lines of questioning important in this case. For example, Yale consolidated to a single recordkeeper in 2015." As I made clear in my letters of March 1 and March 11, Mr. Campbell will be prepared to address *any questions regarding TIAA's interactions with Yale or its consultants*, with respect to non-Plan products or any other topic covered by Plaintiffs' subpoena. Plaintiffs are free to explore with Mr. Campbell the case-specific facts of Yale's relationship with TIAA. TIAA's position thus should not be problematic for Plaintiffs as each of the subpoena topics at issue (Nos. 24, 25, 29, 30 and 31) purport to be limited "to the Plan." *See also* Letter from A. Braitberg to L. Martin, dated March 5, 2019 (asserting that these deposition topics are "specific to the relationship between TIAA and Yale"). For the same reason, your citation to case law regarding relevance is misplaced: TIAA does not seek to prevent Plaintiffs from asking questions specific to TIAA's relationship with Yale that also relate to TIAA's marketing of non-Plan products to Yale participants.

Your letter also asserts that transcripts from the *Columbia* litigation would be inadmissible hearsay in this case. We do not understand this claim, as deposition testimony from the *Columbia* case may be admitted by stipulation of the parties. *See, e.g., United States v. Plitman*, 194 F.3d 59, 64 (2d Cir. 1999) (trial court did not err in admitting hearsay evidence by stipulation). Moreover, if Messrs. White and Polacek are unavailable to testify at trial, the relevant hearsay exception permits the introduction of deposition testimony given in a prior proceeding. *See* Fed. R. Evid. 804(b)(1)(A) (testimony "given as a witness at a trial, hearing, or lawful deposition, ***whether given during the current proceeding or a different one***," is not

WILMERHALE

Joel D. Rohlf
March 15, 2019
Page 2

excluded by the rule against hearsay if the declarant is unavailable as a witness) (emphasis added).[1]

We are available on Monday (March 18) and Tuesday (March 19) for a meet and confer teleconference to resolve any remaining questions on the scope of Mr. Campbell's deposition or the admissibility of prior deposition transcripts. Please let me know what times are best for you.

Very truly yours,

*Lori A. Martin*

Lori A. Martin

cc:  Heather Lea (by e-mail only)
     Jerome J. Schlichter (by e-mail only)
     Kurt C. Struckhoff (by e-mail only)
     Michael A. Wolff (by e-mail only)
     Sean E. Soyars (by e-mail only)
     Stuart M. Katz (by e-mail only)
     Troy A. Doles (by e-mail only)
     Joel D. Rohlf (by e-mail only)
     Scott Bumb (by e-mail only)
     Brian D. Netter (by e-mail only)
     Michelle N. Webster (by e-mail only)

---

[1] Courts have adopted a "realistically generous" approach to the requirements of Fed. R. Evid. 804(b)(1)(B), and, in any event, Yale is not contesting the admissibility of the testimony TIAA offers to cross-designate. *See, e.g., Fed. Hous. Fin. Agency v. Merrill Lynch & Co.*, No. 11 CIV. 6202 DLC, 2014 WL 798385, at *1 (S.D.N.Y. Feb. 28, 2014).